ASSETS REALIZATION CO. v. WELLINGTON et al.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1912. Rehearing Denied March 5, 1912.)

No. 2,229.

EVIDENCE (§ 553*)—EXAMINATION OF EXPERTS—HYPOTHETICAL QUESTIONS.

The propounding of hypothetical questions to witnesses testifying as experts, based on the view of the facts taken by counsel for the party in behalf of whom the testimony is introduced, is not objectionable, where the facts are in dispute; it being the privilege of the adverse party to propound questions based on different facts in cross-examination.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action at law by J. F. Wellington, Jr., and others, against the Assets Realization Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Samuel B. Dabney, for plaintiff in error.

R. W. Flournoy, for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

---

PER CURIAM. The plaintiff below in his original petition states a case which, if proved, entitles him to recover. The answers and amended answers allege no facts, and deny all plaintiff's allegations.

At the time the hypothetical questions objected to were propounded, there were no undisputed facts to be embodied therein. The question propounded by counsel for plaintiff below seems to be based upon his view of the facts of the case. Under these circumstances, if the question was objectionable, because it did not embody the facts in the case as claimed by the defendants, it was the privilege of the defendants to frame proper questions in cross-interrogatories. We find no reversible error in the rulings in respect to the hypothetical questions allowed by the trial judge.

The ruling as to qualification of experts is in accordance with the views of this court in St. Louis Ry. Co. v. Bradley, 54 Fed. 630, 632, 4 C. C. A. 528.

Under the evidence offered and admitted, the case was necessarily submitted to the jury, and we all agree that the record shows no reversible error.

Judgment affirmed.